# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Thomas and Mary Finnegan, | Case No. 15-cv-00204 (SRN/SER) |
| Plaintiffs, | |
| vs. | |
| SunTrust Mortgage, Inc., and Federal National Mortgage Association, | **FINDINGS OF FACT, CONCLUSIONS OF LAW, ORDER FOR JUDGMENT AND JUDGMENT AND DECREE** |
| Defendants/Third-Party Plaintiffs | |
| v. | |
| Danny Solie, | |
| Third-Party Defendant. | |

The above-entitled action came before this Court, on March 9, 2018 at 9:00 am; Susan Dickel Minsberg, representing Defendant SunTrust Mortgage, Inc. ("SunTrust"), filed the Third-Party Complaint Against Third-Party Defendant Danny Solie ("Third-Party Complaint") before this Court; and it appearing to the Court that Danny Solie ("Solie"), having been duly served with Summons herein, and failing to appear by answer, demurrer, or otherwise, and that more than 20 days have elapsed since the service of said Summons.

After due consideration of the evidence adduced, and upon the files and records herein, the Court makes the following:

## FINDINGS OF FACTS

1.  On February 24, 2017, Defendants filed a Third-Party Complaint Against Danny Solie alleging Breach of Contract, Fraud, and Negligent Misrepresentation.

2. Defendants' claims in the Third-Party Complaint were premised upon a promissory note executed by Solie on October 15, 2007 for a mortgage loan from SunTrust in the amount of $288,750.00 (the "Note," attached as Exhibit A), which was secured by a mortgage in favor of SunTrust upon real property located at 9755 Friar Drive in the City of Eden Prairie, County of Hennepin, State of Minnesota.

3. Pursuant to the loan documents, beginning on December 1, 2007, Solie agreed to make monthly payments to SunTrust in the amount of $1,969.79 until he had paid all principal and interest under the Note.

4. Solie stopped making payments to SunTrust under the Note in July 2009.

5. SunTrust commenced foreclosure proceedings in December 2009.

6. On April 29, 2010, SunTrust purchased the property at a sheriff's foreclosure sale for $219,100.

7. On April 30, 2010, SunTrust assigned its interest in the Sheriff's Certificate of Sale to Fannie Mae.

8. On March 7, 2017, Solie was personally served with the Third-Party Summons and Third-Party Complaint at 1231 Brighton Square, St. Paul, Minnesota 55112 by Metro Legal Services, a process server.

9. Solie failed to answer or otherwise respond to the Third-Party Complaint by March 27, 2017.

10. On April 7, 2017, SunTrust filed its Application for Clerk's Entry of Default and supporting Affidavit, and the Clerk entered default against Solie on the same day.

11. On January 29, 2018, SunTrust filed its Motion for Entry of Default Judgment Against Danny Solie, the Notice of Hearing and other related documents.

12. On January 29, 2018, SunTrust mailed a copy of the Motion for Entry of Default Judgment, the Notice of Hearing, and other related documents to Solie by first-class mail to 1231 Brighton Square, St. Paul, Minnesota 55112, the same address at which Solie was personally served with the Third-Party Summons and Third-Party Complaint and the current address identified in public records. The mail to Solie was not returned to SunTrust.

13. On February 2, 2018, SunTrust filed its Notice of Errata and Correction to Motion for Entry of Default and Memo in support of the Motion.

14. On February 8, 2018, SunTrust mailed a copy of the Notice of Errata and correct to Motion for Entry of Default to Solie by first-class mail to 1231 Brighton Square, St. Paul, Minnesota 55112, the same address at which Solie was personally served with the Third-Party Summons and Third-Party Complaint and the address identified in public records. The mail to Solie was not returned to SunTrust.

15. Solie did not file a response to SunTrust's Motion for Entry of Default Judgment, and failed to appear at the hearing held on March 9, 2018.

16. Paragraph 6(A) of the Note executed by Solie provides that "[i]f the Note Holder has not received the full amount of any monthly payment by the end of 15 calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be 5.000% of my overdue payment of principal and interest."

17. Paragraph 2 of the Note executed by Solie provides that "[i]nterest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of 7.250%."

18.  Paragraph 6(E) of the Note executed by Solie provides that SunTrust may recover "all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. These expenses include, for example reasonable attorneys' fees."

19.  Solie owes to SunTrust the unpaid balance of the Note in the amount of $23,022.00, after deducting the settlement payment of $235,000 made by the Finnegans in November 2017. The $23,022.00 includes assessment of late charges at 5.000% of the overdue amount assessed pursuant to Paragraph 6(A) of the promissory note.

20.  Solie owes to SunTrust the post-default interest on the Note in the amount of $159,527.48, which includes assessment of interest at 7.250% pursuant to Paragraph 2 of the Note.

21.  Solie owes to SunTrust the unpaid principal and post-default interest on the Note, totaling $182,549.48.

22.  SunTrust has advanced and paid the property taxes owed on the property since 2008, totaling $39,247.31, pursuant to Paragraph 6(E) of the Note.

23.  SunTrust has incurred $230,963.11 in attorney's fees and litigation costs over the course of approximately five years of litigation in this matter, pursuant to Paragraph 6(E) of the Note. The hourly rates for SunTrust's lawyers range from $235 to $285, which is reasonable given the complexity of the matter and experience of the lawyers involved. The total hours of professional services rendered by Defendants' attorneys in this case exceeds 850 hours.

## CONCLUSIONS OF LAW

1.  By failing to respond to SunTrust's Third-Party Complaint, Solie is deemed to have admitted all allegations in the Third-Party Complaint and is therefore liable to SunTrust for Breach of Contract, Fraud, and Negligent Misrepresentation.

2. SunTrust has suffered damages arising out of Solie's Breach of Contract, Fraud, and Negligent Misrepresentation in the amount of $452,759.90.

3. Attorney's fees are allowable under Paragraph 6(E) of the Note subject to a reasonableness standard. *Suburban Nat. Bank v. Kopstein*, 1992 WL 153102, at *2 (Minn.App.1992). "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 103 S.Ct. 1933 (1983); *see also Blanchard v. Bergeron*, 489 U.S. 87, 103 (1989). The lodestar is presumed to be a reasonable fee. *City of Riverside v. Santos, Rivera*, 477 U.S. 561, 568 (1986).The range of hourly rates is reasonable given the community standard of hourly rates in the Twin Cities, which are actually higher than those incurred by SunTrust.

4. Defendants' attorney's fees and costs were incurred as a result of Solie's default, fraud and negligent misrepresentation. The attorney's fees and costs incurred by Defendants are reasonable in view of the duration of the suit, and the complexity and novel issues arising out of the litigation.

Based upon the foregoing findings of fact and conclusions of law, the Court hereby makes the following Order:

1. The Motion of SunTrust Mortgage, Inc. for Entry of Default Judgment Against Danny Solie is **GRANTED**;

2. A Default Judgment is entered against Danny Solie and in favor of SunTrust Mortgage, Inc. in the amount of $452,759.90.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  March 26, 2018                         <u>s/Susan Richard Nelson</u>
                                                     SUSAN RICHARD NELSON
                                                     United States District Judge